Clarence T. GLADDEN, Warden, Oregon State Penitentiary, Appellant,

v.

Ray POGUE, Appellee.

No. 22114.

United States Court of Appeals Ninth Circuit.

Nov. 3, 1967.

Robert Y. Thornton, Atty. Gen. of Oregon, Davis H. Blunt, Asst. Atty. Gen. (argued), Salem, Ore., for appellant.

James H. Jordan (argued), Weatherford, Thompson, Horton & Jordan, Albany, Ore., for appellee.

Before MADDEN, Judge of the Court of Claims, and KOELSCH and BROWNING, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment granting an application for a writ of habeas corpus and ordering appellee's release unless the State of Oregon affords him a new trial. The judgment is based upon the district court's conclusion that appellee's conviction rested in part upon evidence obtained through an unconstitutional search and seizure.

Appellant contends that appellee consented to the search and seizure. The district court found that he did not. The district court also held that even if appellee gave verbal assent to the search, his assent did not constitute a knowing and intelligent waiver because appellee was not advised of his right to the protection of a search warrant.

We affirm on the ground that the district court's finding that appellee did not consent to the search is not clearly erroneous.

We do not reach the contention that the district court failed to comply with the requirement of 28 U.S.C. § 2254(d), as amended, by Public Law 89–711, 80 Stat. 1104 (1966), that state court findings "shall be presumed to be correct" absent circumstances set out in the statute. Appellant concedes that the claim now made as to the applicability and effect of the amended statute was not made to the district court.

Affirmed.